UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GANNON INTERNATIONAL, LTD., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:04CV893 CDP |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Royal Surplus Lines Insurance Company's motion for summary judgment. Royal Surplus issued an excess property insurance policy to plaintiffs Gannon International Ltd. and Gannon Partnership 19, L.P. (collectively "Gannon"), which provided coverage for loss in excess of $1 million dollars. The issue raised by Royal Surplus for resolution by summary judgment is whether Gannon complied with the notice provision in the insurance policy, and if Gannon did not comply, whether such noncompliance mandates granting summary judgment. I find that this question involves an issue of material fact to be determined by the trier of fact, therefore I will deny summary judgment.

## I. Background

Gannon alleges that its property, Park Ridge Apartments, suffered damage from the April 10, 2001 hail storm that hit North St. Louis County. At the time of the storm, Gannon had a primary insurance policy with defendant National Union Fire Insurance Company of Pittsburgh, PA to cover loss up to $1 million and had an excess insurance policy with defendant Royal Surplus Lines Insurance Company to cover losses over $1 million and up to $4 million.

Gannon discovered the damage to the buildings soon after the storm. It submitted a Proof of Loss to National Union on October 15, 2001, for $51,700. However, that amount only covered the costs of applying an asphalt flood coating to the roofs. After re-coating a few of the roofs in the apartment complex, Gannon discovered that the coating procedure was inadequate and that the damaged roofs needed to be completely replaced. It submitted an Amended Proof of Loss, again to National Union, on December 18, 2002, for over $1,400,000. National Union reimbursed Gannon for the amount provided on the initial Proof of Loss but not for the Amended Proof of Loss amount.

The excess insurance policy between Gannon and Royal Surplus contains language on the timing of when notice should be provided, specifically that:

7. <u>NOTIFICATION OF CLAIMS:</u>

> The Insured, upon knowledge of any occurrence likely to give rise to a claim hereunder, shall give immediate written notice thereof to the person(s) or firm named for the purpose in the schedule.

Royal Surplus admits having received from Gannon a property loss notice regarding the April 10, 2001 storm on April 21, 2004. A corporate representative of Gannon testified that notice was provided to Royal Surplus when this suit was served on it on July 26, 2004. Regardless of which date the Court subscribes to, both parties agree that Royal Surplus had no notice of Gannon's alleged loss until more than three years after the hail storm occurred.

## II.　Discussion

### 1.　Legal Standards

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or

other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. Anderson, 477 U.S. at 249.

Although interpretation of insurance policies differs depending on the type of policy at issue, Missouri courts have developed general guidelines for addressing notice provisions in such contracts. Conditions precedent to coverage that require the insured to immediately notify the insurer of a loss under the policy are considered reasonable and enforceable in Missouri. Johnston v. Sweany, 68 S.W.3d 398, 401 (Mo. 2002); Interstate Cleaning Corp. v. Commercial Underwriters Ins. Co., 325 F.3d 1024, 1028 (8th Cir. 2003). However, an insured's failure to give timely notice can be excused by incapacity or impossibility and by substantial compliance with the timely notice provision. Tresner v. State Farm Ins. Co., 913 S.W.2d 7, 10 (Mo. 1995). Neither party argues that incapacity or impossibility is relevant here.

To determine if an insured's actions constitute substantial compliance with the policy's notice provisions, there must be a determination of whether the insurer was prejudiced by the delay in notice. Tresner, 913 S.W.2d at 15. "Prejudice is not to be presumed from mere delay in giving notice. The prejudice must be actual and must be shown to be actual." St. Paul & Kansas City Short Line R. Co. v. U.S.

Fidelity & Guar. Co., 105 S.W.2d 14, 25 (Mo. Ct. App. 1937). See also, Reid v. Connecticut General Life Ins. Co., 17 F.3d 1092, 1098 (8th Cir. 1994).

The burden of proof for establishing prejudice is with the insurer. Prejudice is a question of fact to be decided on a case-by-case basis. Tresner, 913 S.W.2d at 16. See also, MAI 32.24 (6th ed. 2002) (affirmative defense instruction requiring insurer to prove violation of policy condition and resulting prejudice). However, "where all reasonable persons would conclude that notice or proof was not given or made within [a reasonable] time, under all of the circumstances, then it becomes a question of law for the court." Hayes v. Equitable Life Assur. Soc., 150 S.W.2d 1113, 1118 (Mo. Ct. App. 1941).

**2. In this case, a determination of whether Royal Surplus was prejudiced by the delay is a question of fact for the jury**.

Royal Surplus received notice from Gannon of the April 2001 alleged loss more than three years after the hail storm occurred. Gannon argues that its notice was not untimely because Royal Surplus's liability under the policy does not attach until after the primary insurer, National Union, admits liability or pays its policy limit. I find this argument unpersuasive because the timing of attachment of liability is not controlling of the timing for providing notice of a potential claim.

In cases such as this one, where the policy notice clause requires the insured to notify the insurer of an occurrence "immediately," Missouri courts have

uniformly held that such language will be construed to mean "within a reasonable period of time." Tresner, 913 S.W.2d at 10 n.2 (citations omitted). Under the plain language of the policy, Gannon must have known that the hail damage was "likely to give rise to a claim" under the Royal Surplus excess policy at least by December 2002 when the Amended Proof of Loss for over $1 million dollars was submitted to National Union. So at a minimum, Gannon's notice to Royal Surplus was 16 months delayed.

Gannon contends that Royal Surplus has not proven that the delay in notice resulted in actual prejudice. According to Missouri case law, prejudice is not presumed from the delay in notice and Royal Surplus bears the burden of showing that it suffered actual prejudice. St. Paul, 105 S.W.2d at 25. Royal Surplus argues that it suffered prejudice from never having the opportunity to inspect the alleged hail damage before repairs began, never having the opportunity to investigate the cause of the alleged loss or the scope of the alleged damage, and not being notified early enough to know if Gannon mitigated its damages after the loss.

Opinions based on Missouri law cited by Royal Surplus in support of the argument that it has suffered prejudice are factually distinguishable from this case. Rocha v. Metropolitan Property and Cas. Ins. Co., 14 S.W.3d 242, 248 (Mo. Ct. App. 2000) (finding of prejudice where insurer was not notified of amended petition charges until after case settled); Johnston, 68 S.W.3d at 402 (finding of prejudice

where insured denied insurer the opportunity to investigate the facts applicable to the subject of the lawsuit, to settle the dispute before trial, to defend against liability at trial, and to dispute the amount of damages); Interstate Cleaning, 325 F.3d at 1029 (finding of prejudice where insured failed to notify insurer of lawsuit until after settlement rejected and jury had rendered a verdict); John Q. Hammons Hotels, Inc. v. St. Paul Fire & Marine Ins. Co., No. 03-3438, 2004 U.S. App. LEXIS 19485 (8th Cir. Sept. 20, 2004) (affirming district court's grant of summary judgment for insurer because insured knew of loss before policy became effective; no discussion of district court finding of prejudice).

In this case, Royal Surplus was notified of the alleged loss by Gannon soon after the lawsuit was filed. Certainly Royal Surplus did not have the opportunity to investigate the hail damage around the time of the storm and before the coating repairs were done. However, only a few of the twenty-one buildings in the apartment complex were re-coated before repairs were discontinued. The evidence shows that no further roof replacement work has been completed on the property. In addition, Gannon argues that Royal Surplus's interests are precisely aligned with those of National Union; because National Union has been actively involved in the disputed loss amount since the hail storm occurred, Royal Surplus has suffered no prejudice. Although I am not sure that the defendant's interests are precisely

aligned, the facts of this case raise legitimate questions as to whether the delay in notice prejudiced Royal Surplus.

I find that all reasonable persons would conclude that 16 months to three years is not a reasonable time to provide notice of a potential loss. However, I can not say that the circumstances support such a conclusive finding on the issue of whether Royal Surplus has suffered prejudice as a result of the undeniably untimely delay in notice. In determining whether Gannon substantially complied with the policy's notice provision, the question whether Royal Surplus was prejudiced by Gannon's delay in providing notice is an issue of material fact on which a genuine dispute remains. It is inappropriate for determination on a motion for summary judgment. As a result, there is a genuine issue for trial and summary judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Royal Surplus Lines Insurance Company's motion for summary judgment [#31] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2006.