UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GANNON INTERNATIONAL, LTD., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:04CV893 CDP |
| NATIONAL UNION FIRE INSURANCE CO., et al., | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Defendants National Union Fire Insurance and Royal Surplus Lines Insurance both seek protective orders limiting the scope of plaintiffs' Rule 30(b)(6) deposition notices. I agree with defendants that, to some extent, the notices are overbroad or seek information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. I will grant Royal's motion in its entirety, but I will grant National Union's only in part.

**Category 8 (Royal) and Categories 8 and 19 (National Union): Other claims arising out of same storm**: Although the two notices had different wording for these topics, both sought designation of a witness to testify about claims made by other insureds arising out of the same storm that damaged plaintiffs' property. I agree with both insurance company defendants that their handling or payment of

other claims of other insureds is not relevant to the issues in this lawsuit, and I will grant the protective orders as to this category. This was the only area on which Royal sought relief.

**Categories 1 through 3**: I agree with National Union that these topics seek information that is not relevant or that may be discovered by less burdensome means. National Union states that it did not do any inspections before issuing the policy and does not have any information about the pre-loss condition of the properties. It also states that there is no dispute regarding coverage or whether premiums were paid, and in what amount. Plaintiffs are correct that they are entitled to develop evidence that can be produced to a jury on these points, and properly crafted requests for admissions are a more reasonable, and less burdensome, way of obtaining this limited information. I will therefore grant the motion for protective order with regard to these categories, without prejudice to plaintiffs' right to propound appropriate limited requests for admissions and/or interrogatories about inspections or lack thereof and premiums charged and paid.

**Categories 4 and 5:** These topics seek information about prior policies or policy amendments between plaintiffs and National Union, and are proper subjects for discovery. I will deny the motion for protective order as to them.

**Categories 15 through 18:** I agree with National Union that these topics are overly broad and unduly burdensome, although I agree with plaintiffs that the relationship between defendant and these specific inspectors is relevant to plaintiffs' vexatious refusal to pay claim. National Union asserts that it cannot provide any information about these topics without undergoing the undue burden of searching all of its individual files to determine if these vendors were used. It also argues that ordering it to provide "gross amounts paid" would not be productive, because this information would not provide any information relevant to the type of work performed, the results of the vendors' inspection, or the number of the projects they worked on. National Union appears to admit that it does have some central way of determining what it actually paid each of the vendors in the years in question, but has no centralized way of knowing what any of those payments were for. I, like plaintiffs, find it suspicious that the only information National Union keeps centrally is the total amount paid, without any backup documentation. I will order National Union to provide documents showing the amounts paid to each of the four vendors over the past five years, and to designate a Rule 30(b)(6) witness who can testify as to the amounts paid and to describe, under oath, what would be required to obtain any of the backup information that plaintiffs seek. If National Union has any central records regarding what the payments were for, it must produce those records.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Royal Surplus Lines Insurance Company's Motion for Protective Order [#44] is granted, and it need not provide a Rule 30(b)(6) witness for Topic #8 of the Amended Notice of Deposition.

**IT IS FURTHER ORDERED** that defendant National Union's Amended Motion for Protective Order [#41] is granted in part and denied in part as set out above.

The parties are reminded that the discovery deadline in this case has already been extended multiple times, and that the Court does not expect to extend it again.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of March, 2006.